# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TODD MICHAEL BELANGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-1591 |
| | § | |
| MCDERMOTT INTERNATIONAL, INC., | § | |
| J. RAY MCDERMOTT, S.A., J. RAY | § | |
| MCDERMOTT, INC., AND | § | |
| MCDERMOTT, INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Pending before the court is plaintiff Todd Michael Belanger's motion to remand. Dkt. 7. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED and this case REMANDED to the 269th Judicial District Court of Harris County, Texas.

## I. BACKGROUND

On March 24, 2018, while he worked aboard the M/V Amazon, Todd Michael Belanger alleges that he tripped over an air hose and injured his back, requiring surgery. Dkt. 1-2 at 6–7. On March 20, 2019, Belanger sued his employer McDermott under the Jones Act and general maritime law for those injuries. *Id*. at 6. Belanger filed his action in Texas state court in the district court of Harris County. *Id*. at 4. McDermott filed its original answer, as well as a motion to dismiss, on May 1. *Id*. at 12. This answer consisted of a non-waiver statement and notice of intent to enforce the employment agreement's forum selection clause, as well as a general denial. *Id*. at 12–13. Simultaneously, McDermott filed its notice of removal in United States District Court for the

Southern District of Texas. Dkt. 1 at 1. Belanger filed a motion to remand on May 28, Dkt. 7 at 1, and McDermott filed its response on June 11. Dkt. 9 at 1. McDermott argues that the court has removal jurisdiction over Bellanger's Jones Act claims due to a forum selection clause contained in Bellanger's employment agreement. Dkt 1 at 2. This clause states that "any. . . Dispute shall be litigated before the United States District Court for the Southern District of Texas. In the event original jurisdiction in U.S. federal district court does not exist over the Dispute, the Parties shall litigate such Dispute in state district court in and for the County of Harris, State of Texas." Dkt. 1-1 at 11.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1447(c) a plaintiff may move for remand on the basis of defect. The burden is on the removing party to establish removal jurisdiction. *Keen v. Wausau Business Ins. Co.*, 875 F. Supp. 2d 682, 685 (S.D. Tex. 2012). This court has previously held that general maritime claims are not removable because federal district courts "do not have original jurisdiction under the Savings to Suitors Clause." *Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015) (citing *Gregoire v. Enter. Marine Servs.*, 38 F. Supp. 3d 749 (E.D. La. 2014)). Jones Act claims are not generally removable per 28 U.S.C. §1445(a), which is incorporated into the Jones Act. *Sanders,* 132 F. Supp. 3d at 855 (S.D. Tex. 2015) (citing *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 206–07 (5th Circ. 1993)).

## III. ANALYSIS

First the court will determine whether it has removal jurisdiction over Belanger's general maritime claims, then it will examine whether it has removal jurisdiction over Belanger's Jones Act claims.

**A. Belanger's general maritime claims are not removable.**

Belanger initially sued in state court under the Savings to Suitors Clause. Dkt. 1-2 at 5–6. He moves to remand, arguing that such maritime claims are not removable absent an independent jurisdictional basis. Dkt. 7 at 3. Under this court's reasoning in *Sanders v. Cambrian Consultants*, a maritime claim filed in state court under the Savings to Suitors Clause is "transformed into a case at law, as opposed to admiralty." *Sanders*, 132 F. Supp. 3d at 858. This court does not have original jurisdiction over such a case filed in state court because the Savings to Suitors Clause "provides original jurisdiction over '[a]ny civil case of admiralty or maritime jurisdiction,'" but saves to suitors the choice of state-law forum. *Id*.

McDermott relies upon this court's previous rulings to argue that the instant case is removable. Dkt. 9 at 2 (citing *Ryan v. Hercules Offshore, Inc.,* 945 F. Supp. 2d 772 (S.D. Tex. 2013)). However, while this court stated in *Sanders* that *Ryan* "was properly decided on the facts and arguments presented in that case," the plaintiff in *Sanders* presented new arguments that led this court to reconsider its previous holding in *Ryan*. *Sanders*, 132 F. Supp. 3d at 857. McDermott misapprehends *Sanders*'s holding, as well as *Ryan*'s applicability to this case.

Because general maritime claims filed in state court under the Savings to Suitors Clause are not removable to federal district court absent an independent source of jurisdiction, Belanger's general maritime claims must be remanded.

**B. Belanger's Jones Act claims are not removable.**

Belanger also asserts Jones Act claims against McDermott. Dkt 1-2 at 5. Jones Act claims filed in state court are not removable to federal court. *Sanders*, 132 F. Supp. 3d at 855. Indeed, "[i]t is axiomatic that Jones Act suits may not be removed from state court." *Lackey,* 990 F. 2d at 206–07. This is because the Jones Act incorporates "the general provisions" of the Federal

3

Employer Liability Act (FELA), and 28 USC § 1445(a) bars removal of FELA claims. *Id.* at 207. Thus, Jones Act cases can only be removed if the Jones Act claim was fraudulently pleaded, which McDermott does not allege here. *See id.* Therefore, Belanger's Jones Act claims were improperly removed from state court.

McDermott argues that the forum selection agreement "operates to allow removal of this Jones Act case." Dkt. 9 at 7. Conversely, Belanger argues that the forum selection agreement is "an impermissible 'Venue Selection' clause" and is void as against public policy. Dkt. 7 at 5. Because Jones Act cases are not removable, the court need not decide whether the forum selection agreement in Belanger's contract precluded him from filing in state court, nor whether the agreement is invalid under Texas law. Texas courts are competent to determine the agreement's meaning and to enforce it, if necessary. *See Great Lakes Dredge & Dock Co., LLC v. Larrisquitu*, 2007 A.M.C. 2141, 2160–61 (S.D. Tex. 2007) (Rosenthal, J.).

## CONCLUSION

McDermott has failed to meet its burden of showing removal jurisdiction. Under federal law, neither Jones Act nor general maritime claims are removable, and this case was improperly removed from state court.

Belanger's motion to remand is GRANTED. This case is REMANDED to the 269th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on October 30, 2019.

_____
Gray H. Miller
Senior United States District Judge